**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-2518**

_____

ORLANDO JONES,

                                  Plaintiff - Appellant,

    versus

JAMES B. GRIMES, Sheriff, in his official and
individual capacities; WESTERN SURETY COMPANY;
KEITH E. WERNER, in his official and
individual capacities; STEVEN D. SAUNDERS; P.
J. JOYNER; SERGEANT WELLS; DENNIS LYONS,
Lieutenant, in their individual and official
capacities as officers of the Nash County
Sheriff's Office,

                                  Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief
District Judge. (CA-02-51-5-BO)

_____

Argued:  December 1, 2004        Decided:  December 17, 2004

_____

Before WILKINS, Chief Judge, and MOTZ and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Jonathan Wall, CLARK, BLOSS & WALL, P.L.L.C., Greensboro, North Carolina, for Appellant. Mark Allen Davis, WOMBLE, CARLYLE, SANDRIDGE & RICE, Raleigh, North Carolina; Gerald Patrick Murphy, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Roy Cooper, Attorney General of North Carolina, Raleigh, North Carolina, for Appellee Werner.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Local officials, acting pursuant to a state search warrant, seized Orlando Jones' 1999 Ford Navigator and over $19,000 in currency from a home in which Jones was conducting an illegal lottery. Jones filed this § 1983 action against the officials, alleging violations of his constitutional rights and various state law claims. The district court granted judgment to the officials on all counts, and Jones appeals. We affirm.

I.

On July 21, 1999, Officer Steven D. Saunders secured a search warrant for the home of Jones' girlfriend, Crystal Mercer, at 716 Clark Street in Nashville, N.C. Saunders obtained the warrant in connection with Jones' organization of, and participation in, an illegal lottery. The warrant stated, inter alia, that "Orlando Jones would be at 716 Clark Street, Nashville, N.C. operating a 1999 green Ford Navigator."

When Nash County deputies executed the warrant, also on July 21, they discovered Jones and Mercer conducting an illegal lottery in Mercer's house. The deputies seized more than $19,000 in cash, along with Jones' Navigator. Jones alleges that following these events Nash County Sheriff James B. Grimes told him that (1) the officers seized his Navigator pursuant to N.C. Gen. Stat. § 14-299; (2) he could have the car returned to him but Mercer might serve

3

jail time on account of her prior convictions; and (3) he might want to consider a plea agreement, whereby he could transfer title to the Navigator to Nash County.

After this alleged conversation with Grimes, Jones met with Assistant District Attorney Keith E. Werner, signed a waiver of counsel form, and entered into a "deferred prosecution agreement" with the government. Under the terms of the agreement, Jones signed over title to his Navigator to Nash County and submitted to unsupervised probation for three months. In exchange for compliance with these and other terms, the government agreed to dismiss the lottery charges against Jones.

In a January 2000 order, a Nash County Superior Court judge directed various items to be returned to Jones and ordered the currency that had been seized during the search of Mercer's house to be disbursed to the Nash County general fund as provided by law.

II.

Two years later, on January 23, 2002, Jones filed this action against Grimes; Werner; four Nash County officers, including Saunders; and Western Surety Company ("Western Surety").[1] He asserted claims under 42 U.S.C. § 1983 and the North Carolina

---

[1] Jones' claim against Western Surety appears to derive from his assertion that he can collect on Grimes' "bond for the faithful execution of his office as sheriff." A finding for Grimes, therefore, disposes of Jones' claim against Western Surety.

Constitution, as well as claims for conversion and civil conspiracy.

In an order filed May 20, 2003, the district court dismissed all claims against the Nash County officers, as well as the claims under the North Carolina Constitution, leaving Grimes, Western Surety, and Werner as named defendants.

In an order filed November 12, 2003, the district court denied Jones' motion for partial summary judgment and granted summary judgment to Grimes and Werner. Jones timely appealed.

III.

We review a district court's grant or denial of summary judgment de novo. PSINet, Inc. v. Chapman, 362 F.3d 227, 233 (4th Cir. 2004). After hearing oral argument in this case, and carefully reviewing the record, briefs, and applicable case law, we conclude that the district court correctly resolved the case.[2] Therefore, the judgment of the district court is

AFFIRMED.

---

[2]To the extent that the district court did not separately explain its dismissal of Jones' conversion claim against Grimes (and to the extent that Jones appeals that dismissal), we note that summary judgment as to that claim was also proper since Jones has not alleged facts sufficient to satisfy the elements of a conversion cause of action. See Di Frega v. Pugliese, 596 S.E.2d 456, 463 (N.C. Ct. App. 2004) (defining elements of conversion).